**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)
Jordan D. Santo, Esq. (152892015)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CHARLOTTE WOODS,** | : | **Civil Action No.** |
| P.O. Box 684 | : | |
| Pleasantville, NJ 08232 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **SOUTH JERSEY TRANSPORTATION** | : | |
| **AUTHORITY,** | : | |
| **Pleasantville Toll Plaza Milepost 4.5** | : | |
| **Pleasantville, NJ 08232** | : | |
| | : | |
| P.O. Box 351 | : | |
| Hammonton, NJ 08037-0351 | : | |
| Defendant. | : | |

## CIVIL ACTION

Plaintiff, Charlotte Woods (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against South Jersey Transportation Authority (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Age Discrimination in Employment Act ("ADEA"), and the New Jersey Law Against Discrimination ("NJLAD"). In support thereof, Plaintiff avers as follows:

## **THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual with a mailing address at the above captioned address.

3. Upon information and belief, Defendant South Jersey Transportation Authority is a manager of transportation services with a location at Pleasantville Toll Plaza AC Expressway Milepost 4.5, Pleasantville, NJ 08232 and with a corporate headquarters mailing address located at P.O. Box 351, Hammonton, NJ 08037-0351.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States

and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII, the ADEA and the NJLAD.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on September 9, 2022, alleging race and age discrimination against Defendant.

14. The Charge was assigned a Charge Number of 530-2022-07137 and was dual filed with the New Jersey Division on Civil Rights ("NJDCR").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 11, 2023, whichPlaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

### MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is African American and was born in 1957.

21. In August 1999, Defendant hired Plaintiff to work in its Finance Department as an Accounting Supervisor.

22. Plaintiff was well qualified for her position and performed well.

23. In 2004, Plaintiff moved to the Toll Operations Department in order to better understand the business.

24. Plaintiff was well qualified for her position and performed well.

25. After over 10 years in the Toll Operations Department, Plaintiff desired to return to the Finance Department.

26. Starting in May 2015, Plaintiff applied to various Finance positions for approximately five (5) to six (6) years, without receiving notice back or only receiving a courtesy interview.

27. In December 2021, the position of Manager of Revenue Control ("MRC") was vacated.

28. On January 31, 2022, the position posted via email by Alyson Winter, Human Resources Specialist.

29. However, the following day, on February 1, 2022, the job posting was removed via another email.

30. On February 25, 2022, the position was reposted via email.

31. Upon information and belief, Plaintiff was the most qualified for this position, given her previous work in the Finance Department, as well as her current job duties, which required her to interact with the MRC while she was working in the Toll Operations Department.

32. On March 1, 2022, Plaintiff applied for the vacated MRC position.

33. Subsequently, on March 10, 2022, Plaintiff was interviewed by Karen Davis, Director of Finance, and Cheryl Gordon, Budget Manager.

34. The interview went well.

35. However, during the interview, Plaintiff was asked how much longer she intended to work.

36. Upon reaching the end of the interview, Plaintiff inquired about the timing for a decision to be made.

37. Ms. Davis indicated that she intended to provide a recommendation at the upcoming Board of Commissioners Meeting, scheduled for March 16, 2022.

38. For several weeks, Plaintiff did not hear back about the status of this position and, therefore, assumed she had not been recommended for the position at the March 16, 2022 Board Meeting.

39. On April 21, 2022, Plaintiff received a phone call from Ms. Davis.

40. Ms. Davis stated that after much thought, she decided to re-organize the area and create an Assistant Manager position.

41. A recommended candidate, Kathy Huff, was approved the prior day, on April 20, 2022, at the Board Meeting.

42. The position is essentially at the same work level as before, and the salary is lower than Plaintiff's current salary.

43. However, Plaintiff has more knowledge and experience than this candidate, Ms. Huff.

44. Plaintiff later discovered that the new Assistant Manager would be reporting to Ms. Gordon.

45. At the same April 20, 2022 Board Meeting, Ms. Gordon was approved for additional responsibilities, additional income and a new job title of Manager of Revenue and Budget as well.

46. Plaintiff spoke with Doris McClinton, EEO Manager, about this situation, and she expressed that she was "surprised" Plaintiff did not get the position.

47. Several other people including Plaintiff's current boss, Barry Goldstein, Toll Operations Manager, also expressed surprise regarding this outcome.

48. Plaintiff was ultimately denied the opportunity to fill the MRC position due to age and race discrimination.

49. Upon information and belief, there are no African Americans working in the Finance Department.

50. Prior open Finance positions were all filled by Caucasian women, aged between approximately 30 and 60 years old.

51. Plaintiff was 65 years old at the time she applied for the MRC position.

52. Upon information and belief, the reorganization of positions was done to directly prevent Plaintiff from filling the MRC position, to which she was clearly qualified.

53. Moreover, the "new" Assistant Manager position was not posted.

54. Therefore, Plaintiff did not have the opportunity to apply for this position.

55. Defendant's policies and procedures for posting and interviewing for an open position were not followed.

56. It is Plaintiff's position that she was discriminated against due to her race and age in violation of Title VII, the ADEA and the NJLAD.

57. Defendant's acts and/or omissions were performed willfully or with reckless disregard to Plaintiff's statutory rights.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff is a member of protected classes in that she is African American.

60. Plaintiff was qualified to perform the job for which she was hired as well as for the positions to which she applied.

61. Plaintiff suffered adverse job actions, including, but not limited to failure to promote.

62. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

63. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

64. Defendant discriminated against Plaintiff on the basis of race.

65. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

66. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

67. Defendant's conduct was willful or performed with reckless disregard to Plaintiff's statutory rights.

68. As a result of Defendant's conduct, Plaintiff suffered damages.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

69. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

70. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her race (African American).

71. Defendant's conduct was willful or performed with reckless disregard to Plaintiff's statutory rights.

72. As a result of Defendant's conduct, Plaintiff suffered damages.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

73. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

74. Plaintiff was born in 1957.

75. Plaintiff was qualified to perform the job she had and the jobs to which she applied.

76. Defendant treated younger employees more favorably than Plaintiff.

77. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

78. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

79. Defendant failed to promote Plaintiff.

80. Defendant's conduct was willful or performed with reckless disregard to Plaintiff's statutory rights.

81. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – AGE DISCRIMINATION**
**<u>NEW JERSEY LAW AGAINST DISCRIMINATION</u>**

82. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

83. Plaintiff was born in 1957.

84. Plaintiff was qualified to perform the job she held and the jobs to which she applied.

85. Defendant treated younger employees more favorably than Plaintiff.

86. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

87. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

88. Defendant failed to promote Plaintiff.

89. Defendant's conduct was willful or performed with reckless disregard for Plaintiff's statutory rights.

90. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Charlotte Woods, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADEA, and the NJLAD.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                                                               **RESPECTFULLY SUBMITTED,**

                                                                               **KOLLER LAW, LLC**

Date: November 9, 2023           **By:**   */s/ David M. Koller*
                                                            David M. Koller, Esquire (037082002)
                                                             Jordan D. Santo, Esquire (152892015)
                                                             2043 Locust Street, Suite 1B
                                                             Philadelphia, PA 19103
                                                             215-545-8917
                                                             davidk@kollerlawfirm.com
                                                             jordans@kollerlawfirm.com

                                                             *Counsel for Plaintiff*